UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RONALD GREY HICKMAN                                              PLAINTIFF
ADC # 158915

v.                                    2:17-CV-00147-KGB/JTR

CAPTOLA M. CLINKSCALE                                            DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Kristine G. Baker. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

1

## I. Introduction

On August 28, 2017, Plaintiff Ronald Grey Hickman ("Hickman") filed this *pro se* § 1983 action alleging that, while imprisoned in the Wrightsville Unit of the Arkansas Department of Correction, Defendant Captola Clinkscale ("Nurse Clinkscale") failed to provide him with constitutionally adequate medical care for an ankle injury. Doc. 2. Nurse Clinkscale is the sole remaining Defendant in the case.[1] Hickman seeks an award of compensatory damages.

Nurse Clinkscale has filed a Motion for Summary Judgment, a Brief in Support, a Statement of Undisputed Facts, and a Reply. *Docs. 39-41; 48*. Hickman has a Response to the Motion for Summary Judgment, and multiple other filings in support of his claim. *Docs. 43-35, 47, 49*.

Before addressing the merits of Nurse Clinkscale's Motion for Summary Judgment, the Court will set forth the relevant facts, all of which are now deemed admitted.[2]

---

[1] The Court previously granted Motions for Summary Judgment filed by former Defendants Nurse Geraldine Campbell ("Nurse Campbell") and Dr. Patrick Drummond ("Dr. Drummond"), finding that Hickman failed to exhaust his administrative remedies in connection with his claims against these Defendants. The Court also dismissed Hickman's claim against Nurse Meka Lewis ("Nurse Lewis") for lack of service. Doc. 33, 34.

[2] The Court directed Hickman to file a separate "Statement of Disputed Facts" addressing each factual statement set forth by Nurse Clinkscale in her Statement of Facts. Doc. 42. Hickman failed to do so.

Pursuant to Local Rule 56.1 of the Local Rules for the Eastern and Western Districts of Arkansas, "[a]ll material facts set forth in the statement filed by" Dr. Holder are deemed admitted. *See also Jackson v. Ark. Dep't of Educ., Vocational & Technical Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. Cir.2001), *cert. denied*, 536 U.S. 908 (2002) (citing Arkansas Local Rule 56.1(c) in

1. On November 17, 2016, Hickman was incarcerated in the East AR Regional Max Unit. At approximately 7:55 a.m., Nurse Key and CO McShan entered Hickman's cell to have him sign two medical grievance complaints. Hickman jumped off the top rack, fell to the floor and injured his right ankle. Although Nurse Key saw no bruising or swelling, she called for nurses to examine Hickman's ankle  *Doc. 41 at 1;  Def.'s Exh. A, Relevant Records, Doc. 41-1 at 3*.

2. When Nurse Lewis and Nurse Clinkscale[3] arrived at Hickman's cell, he was sitting on the cell floor complaining of right ankle pain. He rated his pain 10 out of 10. The nurses observed no swelling and no redness. Nurse Lewis wrapped Hickman's right ankle with an ace bandage. *Doc. 41-1- at 2*.

3. Nurse Clinkscale refused Hickman's request for an ice pack, noting that he was in punitive segregation. *Def.'s B, Excerpts from Hickman's Depo. Doc. 41-2 at 3-4*.

4. At the time of Hickman's fall, he was already taking 800 mg of ibuprofen and 600 mg of gabapentin for other medical conditions. *Doc. 41-2 at 46*.

5. On November 18, 2016, Hickman put in a sick call for his ankle injury.

---

concluding that the plaintiff "forfeited her ability to contest the facts presented" by defendant by failing to respond to the defendant's motion for summary judgment).

[3] Hickman did not identify Nurse Clinkscale as the second nurse who accompanied Nurse Lewis to his cell. Respondent points out that there is no record that Nurse Clinkscale was with Nurse Lewis but appears to concede, for purposes of summary judgment, that Nurse Clinkscale, along with Nurse Lewis, treated Hickman on November 17, 2016.

*Doc. 41-2 at 4*.

6. On November 19, 2016, Hickman was seen by a nurse practitioner. She ordered an x-ray of his right ankle, noting that some bruising was visible. *Doc. 40-1 at 4*.

7. On November 20, 2016, Hickman's right ankle was x-rayed. The results showed no deformity or fracture and concluded that Hickman's ankle was "normal." *Id. at 5*.

8. On November 22, 2016, Hickman's right ankle was x-rayed again, after Hickman reported minimal improvement and a continuing slight limp when he walked. The results showed that Hickman's right ankle was unchanged from two days earlier and was "normal." *Id. at 7-8*.

9. On November 23, 2016, Hickman filed a grievance in which he complained Nurse Clinkscale had failed to bring him an ice pack and disregarded the fact that he needed an x-ray and "possibly pain pills." *Doc. 2 at 18*.

10. According to the sworn declaration of Estella Bland, an Advanced Practice Registered Nurse and a Family Nurse Practitioner: (a) Hickman received the proper medical treatment for his sprained ankle, which consisted of resting the ankle, elevating it, and keeping the compression wrap in place;[4] (b) Nurse

---

[4] Because he was in punitive segregation and not allowed to leave his cell, this allowed him to comply with all aspects of the prescribed treatment for his injured ankle.

Clinkscale's decision not to provide Hickman with ice for his ankle (because he was in punitive segregation) had no adverse impact on his sprained ankle or the outcome of his recovery;  (c)  the decision not to immediately take Hickman to the infirmary and, instead, treat his injury by having nurses provide medical care inside his cell, had no adverse effect on his condition or the outcome of his recovery;  and (d) Hickman received adequate medical care for his complaints of ankle pain on November 17, 2016.  Def.'s Exh. C, Declaration of Estella Bland, APRN, *Doc. 50-3 at 1-3*.

## II.   Discussion

Nurse Clinkscale argues that she is entitled to summary judgment on the inadequate medical care claim Hickman has asserted against her.[5]  The Court agrees.

To proceed to trial on his inadequate medical care claim, Hickman must have evidence demonstrating that: (1) he had an objectively serious medical need; and (2)

---

[5] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011);  *see also Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) ("Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim.").

Nurse Clinkscale subjectively knew of, but was deliberately indifferent to, that serious medical need. *See Saylor v. Nebraska,* 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). As to the second prong of that test, it is clear that proving "deliberate indifference" requires more than evidence of negligence, or even gross negligence, and that a prisoner's mere disagreement with the course of care prescribed by his physician is *not* a sufficient evidentiary basis to prove "deliberate indifference." *Id.*; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Instead, deliberate indifference "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001).

Hickman contends that Nurse Clinkscale failed to provide him with adequate medical care on November 17, 2016 because she failed to: (1) give him an ice pack; (2) take him to the clinic for additional treatment; and (3) "possibly" provide pain pills.[6] Hickman also speculates that, if Nurse Clinkscale had provided "proper medical attention" on November 17, 2016, he "*may* not have" his current issues with his right ankle, which he alleges include deformity, pain and weakness. *Doc. 47 at 3-4*.

Even *if* Hickman's ankle injury, which he acknowledges had little bruising or swelling when Nurse Clinkscale examined him, was an objectively serious medical

---

[6] Hickman also makes allegations against Correct Care Solutions, which is not a party to this lawsuit. Accordingly, the Court need not consider those allegations.

condition, there is no evidence that Nurse Clinkscale was deliberately indifferent to his need for medical treatment. It is undisputed that Hickman was provided with a compression wrap for his ankle. While Hickman contends he should have been provided with ice, pain pills,[7] and taken to the infirmary for additional treatment, his allegations amount to nothing more than a disagreement with Nurse Clinkscale over the proper level of medical treatment his sprained ankle required. "In the face of medical records indicating that treatment was provided and physician [or medical professional] affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010); *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007).

The law is well settled that an inmate is not entitled to any particular course of treatment. *Hines v. Anderson*, 547 F.3d 915, 920 (8th Cir. 2008). Hickman has failed to present any evidence that the "course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference." *Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997) (omitting internal quotations).

---

[7] It is undisputed that, at the time Hinkman sprained his ankle, he was already taking ibuprofen for unrelated symptoms.

## III. Conclusion

Based on the undisputed facts in the record, no reasonable jury could find that Nurse Clinkscale was deliberately indifferent in her administration of medical treatment for Hickman's sprained ankle.

IT IS THEREFORE RECOMMENDED THAT Nurse Clinkscale's Motion for Summary Judgment *(Doc. 39)* be GRANTED, and Hickman's Complaint be DISMISSED, WITH PREJUDICE.

Dated this 8th day of April, 2019.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE